UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| FAYE MICHELLE JIMENEZ | ) | CASE: G24-21520-JRS |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

2.

The plan as proposed will extend to sixty-seven (67) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

3.

The Meeting of Creditors was conducted virtually in this case. Without in-person contact, the Chapter 13 Trustee has requested that the Debtor complete and file a completed and signed Debtor Questionnaire on the docket prior to the Meeting of Creditors. The Debtor has failed to file the questionnaire. The Chapter 13 Trustee requests that the Debtor immediately file with the Bankruptcy Court a completed and signed questionnaire. A copy of this form can be found on the Trustee's website www.njwtrustee.com.

4.

All prior bankruptcy cases of the Debtor, or pending related bankruptcy cases, may not have been disclosed in possible violation of 11 U.S.C. Section 1325(a)(3). (24-20674)

5.

The Trustee requests proof of the homeowner's insurance policy which protects the Debtor's equity in the residential real estate in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

The Trustee requests proof of the Debtor's household income for December 2024 and January 2025 in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

7.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, most of Schedule J is blank and the Debtor is self-employed and does not have tax withholdings.

8.

After review of scheduled income and anticipated household expenses, Debtor's proposed budget may fail to provide sufficient funds for ordinary living expenses in possible violation of 11 U.S.C. Section 1325(a)(6).

9.

The Debtor's Schedule J fails to include expenses for food, automobile insurance, real estate taxes, homeowner's insurance and real estate tax escrow, thereby rendering the proposed Chapter 13 plan payment to be infeasible in violation of 11 U.S.C. Section 1325(a)(6).

10.

The plan fails to treat Agora Notus, LLC d/b/a Complete Cash Title Pawn in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

11.

The plan fails to correctly treat Johnny Jones Realty in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 1325(a)(5).

12.

The plan fails to treat the secured claim of Pickens County and provide interest as required under applicable non-bankruptcy law, in violation of 11 U.S.C. Section 1322(a)(3), 11 U.S.C. Section 502(a) and/or 11 U.S.C. Section 511(a).

13.

The Debtor's proposed plan payment is $956.00 per month. The Debtor's counsel proposes to be paid a monthly payment of $756.00 while proposing minimum initial payments to creditors. This disbursement schedule may not be fair and equitable to creditors and not in the best interest of the Debtor. 11 U.S.C. Section 1325(a)(3), General Order 42-2020.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 24th day of January, 2025.

Respectfully submitted,

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350

# CERTIFICATE OF SERVICE

Case No: G24-21520-JRS

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

FAYE MICHELLE JIMENEZ
54 LANCE RD
JASPER, GA  30143

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

SAEGER & ASSOCIATES, LLC

This the 24th day of January, 2025.

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201